1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| THERESA FAISON, | No. 2:14-cv-00129 DAD P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY SHERIFF DEP'T, et al., | |
| Defendants. | |

Plaintiff, who appears may be a former inmate at the Sacramento County Jail, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I. Filing Fee or Application to Proceed In Forma Pauperis**

Plaintiff has not paid the required filing fee of $350.00 plus the $50.00 administrative fee nor has he filed an application to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a) & 1915(a). Plaintiff will be granted thirty days to pay the filing fee in full or submit a properly completed application to proceed in forma pauperis. Since it remains unclear whether plaintiff is still in custody, the court will send him the in forma pauperis applications to be used both by state prisoners and non-prisoners.

/////

Plaintiff is cautioned that the in forma pauperis application form for a state prisoner includes a section that must be completed by a prison official, and the form must be accompanied by a certified copy of plaintiff's inmate trust account statement for the six-month period immediately preceding the filing of this action.

**II. Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**III. Deficiencies with Complaint**

    **A. Harassment Claim**

    In his complaint plaintiff alleges that on "four or five occassions [sic]", defendant Deputy Angel "rudely disrespected and harassed" plaintiff by calling her offensive names. (ECF No. 1 at 3.) Plaintiff is advised that verbal harassment in and of itself fails to state a cause of action under § 1983. Austin v. Terhune, 367 F.3d 1167, 1171–72 (9th Cir.2004) ('[T]he Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment."); Oltarzewski v. Ruggiero, 830 F.2d 136 (9th Cir.1987) ("[V]erbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.") (internal citations and ellipsis omitted); see also McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1983) (verbal threats and name calling are not actionable under § 1983). As indicated below, the court will dismiss plaintiff's complaint and grant her leave to file an amended complaint. However, in any amended complaint plaintiff elects to file she is advised not to include a constitutional claim that is based on nothing more than alleged verbal harassment by defendants.

    **B. Failure to Process Grievance Claim**

    In her complaint plaintiff also alleges in vague and conclusory fashion that the inmate grievance system "does not basically work & is one sided because it does not go through channels[.]" (ECF No. 1 at 4.) Plaintiff is advised, however, that "[t]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not have a protected liberty interest in the processing of her inmate appeals and, therefore, cannot pursue a claim for denial of due process with respect to the handling or resolution of her inmate appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988)); see also George v. Smith, 507 F.3d 605–609–10 (7th Cir.2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation"); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir.1999) (holding that prison officials whose only roles involved the denial of the prisoner's administrative grievances cannot be held liable under §1983).

Accordingly, plaintiff's complaint fails to state a cognizable due process claim concerning the processing and/or handling of her inmate appeal.  Plaintiff is advised that such a claim should not be included in any amended complaint she elects to file unless she is alleging something more than a mere dissatisfaction with the manner in which her inmate appeals have been processed or decided.

### C. Cell Search Claim

It is unclear whether plaintiff is attempting to present a claim that she was subjected to a cell search as a form of harassment in violation of her rights under the Eighth Amendment.  If plaintiff is attempting to pursue such a claim, she is advised that "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny, however." Whitley v. Albers, 475 U.S. 312, 319 (1986).  It is "unnecessary and wanton infliction of pain" that constitutes cruel and unusual punishment forbidden by the Eighth Amendment.  Id.; see also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.  Thus, if plaintiff wishes to pursue such a claim in any amended complaint she elects to file she must allege facts demonstrating that the cell search in question was conducted in a manner that rises to a level of an Eighth Amendment violation.

### D. Excessive Use of Force Claim

In her complaint plaintiff alleges that defendant Angel entered plaintiff's cell with a food tray and when plaintiff did not take the tray, defendant Angel "roughly slammed the tray hard pushing it into my lower stomach[.]"  (ECF No. 1 at 4.)  To state a cognizable Eighth Amendment claim in this regard, plaintiff must allege facts demonstrating that she has been punished in an improper manner and has suffered injury as a result.  If prison officials used excessive force, they may violate the Eighth Amendment.  Force may be found excessive depending on whether it was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  Hudson v. McMillan, 503 U.S. 1, 7 (1992).  In any amended complaint she elects to

/////

1  file, in order to state a cognizable claim with respect to this incident, plaintiff must allege facts
2  demonstrating that the force in question was applied with the requisite state of mind.

3  **E.  Defendants**

4  Plaintiff's complaint does not contain any allegations concerning the actions of defendants
5  Dragon or the Sacramento County Sherriff.   Although the Federal Rules adopt a flexible pleading
6  policy, the complaint must give fair notice to the defendants and must allege facts that support the
7  elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646,
8  649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts
9  which defendants engaged in that support her claims.  Id.

10  Furthermore, supervisory personnel are generally not liable under § 1983 for the actions
11  of their employees under a theory of respondeat superior and, therefore, when a named defendant
12  holds a supervisorial position, the causal link between him and the claimed constitutional
13  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
14  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations
15  concerning the involvement of official personnel in civil rights violations are not sufficient.  See
16  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

17  **IV.  Amended Complaint**

18  If plaintiff chooses to file an amended complaint, she must allege facts demonstrating how
19  the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or
20  statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Plaintiff must also clarify in
21  any amended complaint she elects to file whether she is currently an inmate, parolee, or no longer
22  in custody.  Any amended complaint must allege in specific terms how each named defendant
23  was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. §
24  1983 unless there is some affirmative link or connection between a defendant's actions and the
25  claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167
26  (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory
27  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
28  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1    Plaintiff is also informed that the court cannot refer to a prior pleading in order to make
2 plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be
3 complete in itself without reference to any prior pleading. This is because, as a general rule, an
4 amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th
5 Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any
6 function in the case. Therefore, in an amended complaint, as in an original complaint, each claim
7 and the involvement of each defendant must be sufficiently alleged.

**V. Conclusion**

    Accordingly, IT IS HEREBY ORDERED that:

    1. Plaintiff shall submit, within thirty days from the date of this order, either the $350.00 filing fee plus the $50.00 administrative fee or a properly completed application to proceed in forma pauperis using the appropriate form provided with this order;

    2. Plaintiff's complaint is dismissed.

    3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided with this order;

    4. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action and the applications to proceed in forma pauperis by a prisoner, as well as, by a non-prisoner; and

    5. Plaintiff's failure to comply with this order or seek an extension of time to do so will result in dismissal of this action without prejudice.

Dated:  January 29, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
fais0129.14+